FILED

```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION           97 FEB 18 PM 4:04
```

97 FEB 18 PM 4:04

U.S. DISTRICT COURT
N.D. OF ALABAMA

BRICKELL PARTNERS, a Florida }
partnership,                 }
                             }
    Plaintiff                }   CIVIL ACTION NO.
                             }
vs.                          }   96-AR-2594-S
                             }
ANTHONY J. BRUNO, ET AL.,    }
                             }
    Defendants               }



ENTERED

FEB 18 1997

## MEMORANDUM OPINION

The motion of plaintiff, Brickell Partners, a Florida partnership ("Brickell"), for a two million dollar attorneys fee was orally argued on February 14, 1997, at plaintiff's request. Not necessarily in the order of their importance, the court will discuss *in seriatum* its reasons for denying plaintiff's motion.

### Subject Matter Jurisdiction

In order to award an attorneys fee in any case, no matter what the theory or basis for such entitlement, the court must first have subject matter jurisdiction over the case itself. In this case the jurisdictional basis alleged by plaintiff is the complete diversity of citizenship between plaintiff and defendants, the federal jurisdictional creation of 28 U.S.C. § 1332. The court never ruled on defendants' motion to dismiss challenging jurisdiction and thus never reached the question of whether or not the requisite

diversity existed, because the action was dismissed for another reason, namely, that it had been mooted by events which eliminated any reason for proceeding to a consideration of the merits. The controversy simply disappeared. The jurisdictional averments in the complaint included the allegation that Brickell "is a Florida limited partnership," whereas all defendants are citizens of Alabama. Although Brickell undoubtedly is an entity that can sue and be sued, it is, like a corporation, for the purposes of diversity jurisdiction, deemed to be a citizen not only of its state of formation but of the state in which it has its principal place of business. Accordingly, a complaint by a partnership must allege not only the state of its creation or its organization but its principal place of its business. The latter is conspicuously lacking in this complaint. For aught appearing, Brickell's principal place of business is located in Alabama.

A more crucial jurisdictional defect is the absence of any allegation of the citizenships of each and all of the Brickell partners. Brickell did not even mention the states of <u>residence</u> of its partners until its action had already been dismissed, and this information came by virtue of the defective affidavit of Steven Mizel filed on February 6, 1997. The affidavit is not an original. In Mizel's would-be affidavit there is no allegation of the names, much less of the <u>citizenships</u>, of all of the Brickell partners. "Residence" and "citizenship" are not synonyms. *See Realty Holding*

2

*Co. v. Donaldson*, 268 U.S. 398, 45 S. Ct. 521 (1925).

If the court had been called upon to rule on defendants' motion to dismiss for lack of jurisdiction, the court would have granted it.

### Rule 54(d)

Assuming *arguendo* that this court has jurisdiction for the purpose of entertaining a motion for an attorneys fee, Rule 54(d)(2)(B), F.R.Civ.P., requires, *inter alia*, that the motion "must specify the judgment and the statute, rule or other grounds entitling the moving party to the award ...." Here, plaintiff's motion does not specify "the judgment." Neither does it specify a statute or rule that would permit a fee, because there is no such statute or rule. Therefore, movant necessarily relies on the grounds argued in the purported affidavit attached to the motion and the accompanying brief. The affidavit is ineffectual in that it does not bear the original signature of the purported affiant or the original signature of the purported notary public. In other words, Rule 54(d)(2)(B) has not been complied with in several crucial respects.

### Fee Fixing Factors

Again, assuming *arguendo* that the court has jurisdiction for the purpose of entertaining a fee petition, this particular petition is deficient in more than one substantive or non-technical respect. It relies entirely on the results allegedly obtained by

3

the filing of the complaint and the risk undertaken by counsel inherent in a contingent fee arrangement in a big case, but without attaching a copy of any contract between counsel and Brickell. The petition and defective affidavit fail to demonstrate the number of lawyer-hours spent, the reasonableness of those hours, or the reasonable hourly rate for the various lawyers who participated in preparing and filing the complaint. To say the least, it is interesting that the only lawyer who orally argued in support of the fee petition never filed a formal appearance as counsel for plaintiff until _after_ the action had been dismissed, leaving his claim for an attorneys fee as the only issue.

Plaintiff simply has not met the burden of proving facts to meet all pertinent criteria set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), or to provide the court the information necessary to make a fair and intelligent assessment of the reasonableness of plaintiff's fee request, which, incidentally, is by far the largest fee request this court has been presented during its fourteen years on the bench.

While "risk" is a factor to be considered, the Eleventh Circuit, as well as the Supreme Court, now emphasize the "lodestar" approach. Using the lodestar approach, and using the number of lawyer-hours which this court can deduce were spent, would require a lodestar of $50,000 per lawyer-hour to produce a fee of $2,000,000. This is too steep an hourly rate even for highly

4

competent and experienced counsel.

## Theory of Entitlement

A.  First, plaintiff's action was not a stockholders' derivative suit but rather a putative class action which never got to the class certification stage and never generated a common fund out of which a fee could be awarded.  Relief for a class presupposes the existence of a class.  Defendants never took the poison pill plaintiff complained about, but defendants did swallow a different poison pill inoculating themselves against plaintiff's claim for an attorneys fee, because plaintiff could not have accomplished a result for a class that was never certified and remains forever putative.  Furthermore, if a class had been certified and only injunctive relief had been sought, there would have been no basis upon which fees could have been awarded against individual defendants except as part of a settlement, which may have been what plaintiff's counsel hoped for.

If counsel accomplished a result for which they should be compensated, it was for Brickell.  Counsel never attempted to prove the value of the result to Brickell.

B.  Brickell concedes, as it must, that it has an obligation to prove that its suit was the active or proximate cause of the allegedly favorable result, namely, the disgorgement of the poison pill and the consummation of the sale to Revco, Inc.  Brickell relies entirely on a presumption which, it argues, arises from the

mere fact that the result it sought was achieved by the action of defendants. The problem with the application of such a theory to this case is that Revco beat Brickell to the courthouse, removing a state court action brought by Big B and then seeking relief by way of counterclaim virtually identical to Brickell's complaint. This court not only takes judicial notice of the Revco counterclaim (*Big B v. Revco DS, Inc., et al.*, CV 96-AR-2496-S), but that case was assigned to the undersigned judge who spent much more time with it than with Brickell's case. As far as presumptions are concerned, "first come, first served." If a presumption is to be indulged, it is that Revco's action was the precipitating cause of the sale. If such a presumption should apply in favor of every plaintiff, an overcrowded series of plaintiffs could file virtually the same suit, and all expect to enjoy and to divide up a big attorneys fee when the defendants do what is demanded of them by the clamoring group.

Without agreeing or disagreeing with all of the defenses to plaintiff's fee petition interposed by defendants, the court finds the foregoing, separately and severally, enough to compel a denial of the petition.

DONE this 18th day of February, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE